| Prob 22<br>(9/00) | **TRANSFER OF JURISDICTION** | DOCKET NUMBER (Tran Court)<br><br>1:00CR109-2 |
|---|---|---|
| | | DOCKET NUMBER (Rec Court)<br><br>06-PT-343-TFH |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE:<br><br>William Peterson | DISTRICT<br><br>Middle District of North Carolina | DIVISION<br><br>Greensboro |
|---|---|---|

**FILED**

OCT 2 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| NAME OF SENTENCING JUDGE<br><br>The Honorable William L. Osteen | | |
|---|---|---|
| DATES OF<br>PROBATION/SUPERVISED<br>RELEASE | FROM<br><br>04/15/2006 | TO<br><br>04/14/2009 |

**OFFENSE**

Transported Stolen Motor Vehicle in Interstate Commerce - 18:2312 & 2

---

## PART 1 - ORDER TRANSFERRING JURISDICTION

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

**IT IS HEREBY ORDERED** that pursuant to 18 U.S.C. 3605 the jurisdiction of the probationer or supervised releasee named above be transferred with the records of the Court to the United States District Court for the DISTRICT OF COLUMBIA upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this Court.*

September 6, 2006
_____
Date

_Williaim J. Osteen_
_____
United States District Judge

\* This sentence may be deleted in the discretion of the transferring Court.

## PART 2 - ORDER ACCEPTING JURISDICTION

| UNITED STATES DISTRICT COURT FOR THE | DISTRICT OF COLUMBIA |
|---|---|

**IT IS HEREBY ORDERED** that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

23 October 2006
_____
Date

_Thomas F. Hogan_
_____
United States District Judge

CM/ECF - ncmd - Docket Report

CLOSED

# U.S. District Court
## North Carolina Middle District (Durham)
### CRIMINAL DOCKET FOR CASE #: 1:00-cr-00109-WLO-2
#### Internal Use Only

*O6-PT-343-TFH*

Case title: USA v. STREETER, et al

Date Filed: 03/28/2000
Date Terminated: 10/29/2002

Assigned to: JUDGE WILLIAM
L. OSTEEN

**Defendant**

**WILLIAM PETERSON** (2)
*TERMINATED: 11/21/2002*
*also known as*
ABDULLAH JIHAD
MUHAMMED (2)
*also known as*
ANDREW R. WATKINS (2)

represented by **ROBERT O'HALE**
CLIFFORD CLENDENIN &
O'HALE, LLP
415 W. FRIENDLY AVE.
GREENSBORO, NC 27401
336-378-1212
Fax: 336-333-9820
Email: ohale@ccolawyers.com
*TERMINATED: 11/21/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

18:2312 & 2 Transported stolen
motor vehicles in interstate
commerce.
(4s)

**Disposition**

Forty (40) mos. imprisonment;
three (3) yrs. supervised release;
$100.00 special assessment;
restitution $124,709.00.
AMENDED JUDGMENT
(Correction of Sentence for
Clerical Mistake F.R.Cr.P. 36):
Forty (40) mos. imprisonment,
three (3) yrs. supervised release,
$100 special assessment,
$124,709.00 restitution to payees
as set out.

10/25/2006

CM/ECF - ncmd - Docket Report

## Highest Offense Level
## (Opening)

Felony

| Terminated Counts | Disposition |
| --- | --- |
| 18:371, 2312 CONSPIRACY: TRANSPORTED STOLEN MOTOR VEHICLES IN INTERSTATE COMMERCE. (1) | Dismissed |
| 18:371, 2312 Conspiracy: transported stolen motor vehicles in interstate commerce. (1s) | Dismissed |
| 18:371, 513(a) CONSPIRACY: UTTERED & POSSESSED COUNTERFEITED SECURITIES IN INTERSTATE COMMERCE. (2) | Dismissed |
| 18:371, 513(a) Conspiracy: uttered & possessed counterfeited securities in interstate commerce. (2s) | Dismissed |
| 18:513(a) & 2 UTTERED & POSSESSED COUNTERFEITED CASHIERS CHECK. (3) | Dismissed |
| 18:513(a) & 2 Uttered & possessed counterfeited cashiers check of First National Bank Southeast. (3s) | Dismissed |
| 18:2312 & 2 TRANSPORTED IN INTERSTATE COMMERCE STOLEN MOTOR VEHICLES. (4) | Dismissed |
| 18:2314 & 2 TRANSPORTED IN INTERSTATE COMMERCE A | |

CM/ECF - ncmd - Docket Report

| | |
|---|---|
| FRAUDULENT CERTIFICATE OF TITLE. (5) | Dismissed |
| 18:2314(a) & 2 Transported in interstate commerce a fraudulent certificate of title. (5s) | Dismissed |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Garnishee**

**STONE TRUCK PARTS**   represented by **STONE TRUCK PARTS**
ATTN: KEITH MCLEMORE
1329 MANAGEMENT WAY
GARNER, NC 27529
PRO SE

---

**Interested Party**

**MARUBIAN JALAADIN AFFINII**

---

**Plaintiff**

**UNITED STATES OF AMERICA**
*TERMINATED: 11/21/2002*

represented by **JOAN BRODISH BINKLEY**
OFFICE OF U. S. ATTORNEY
POB 1858
GREENSBORO, NC 27402
336-333-5351
Email: joan.binkley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**LAWRENCE PATRICK AULD**

OFFICE OF U. S. ATTORNEY
POB 1858
GREENSBORO, NC 27402
336-333-5351
Email: patrick.auld@usdoj.gov
*TERMINATED: 11/21/2002*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/28/2000 | 1 | INDICTMENT as to CECIL TONY STREETER (1) count(s) 1, 2, 3, 4, 5, ABDULLAH MUHAMMED (2) count(s) 1, 2, 3, 4, 5 (K. Garrett) (Entered: 03/28/2000) |
| 03/28/2000 | 3 | ARREST WARRANT issued as to ABDULLAH MUHAMMED (K. Garrett) (Entered: 03/28/2000) |
| 03/28/2000 | | (Court only) **Added Government Attorney LAWRENCE PATRICK AULD as to CECIL TONY STREETER, ABDULLAH MUHAMMED (K. Garrett) (Entered: 03/28/2000) |
| 04/30/2002 | | ARREST of ABDULLAH MUHAMMED in District of Columbia (N. Dickerson) (Entered: 05/06/2002) |
| 05/01/2002 | 24 | MOTION by USA as to ABDULLAH MUHAMMED to Revoke Magistrate Judge's Release Order entered in the District of Columbia (N. Dickerson) Modified on 05/01/2002 (Entered: 05/01/2002) |
| 05/01/2002 | 25 | ORDER granting [24-1] motion to Revoke Magistrate Judge's Release Order entered in the District of Columbia as to ABDULLAH MUHAMMED (2), set Hearing for 2:00 5/9/02 for ABDULLAH MUHAMMED in COURTROOM #1 (GSO) signed by JUDGE WILLIAM L. OSTEEN. Ccs. dist. (N. Dickerson) (Entered: 05/02/2002) |
| 05/06/2002 | 26 | ARREST WARRANT Returned Executed as to ABDULLAH MUHAMMED on 4/30/02 (N. Dickerson) (Entered: 05/06/2002) |
| 05/08/2002 | 27 | Rule 40 Documents as to ABDULLAH MUHAMMED received from District of Columbia original waiver Rule 40 hearings, order setting conditions of release, commitment to |

CM/ECF - ncmd - Docket Report

| | | |
|---|---|---|
| | | another district and docket sheet. Ccs. dist. (K. Garrett) (Entered: 05/08/2002) |
| 05/09/2002 | | (Court only) **Terminated deadlines as to ABDULLAH MUHAMMED (R. Winchester) (Entered: 05/09/2002) |
| 05/15/2002 | 28 | CJA 23 FINANCIAL AFFIDAVIT by ABDULLAH MUHAMMED (N. Dickerson) (Entered: 05/15/2002) |
| 05/17/2002 | 29 | CJA 20 as to ABDULLAH MUHAMMED : Appointment of Attorney ROBERT O'HALE (Signed by MAG/JUDGE RUSSELL A. ELIASON). Ccs. dist. (N. Dickerson) (Entered: 05/17/2002) |
| 05/21/2002 | | Detention hearing as to ABDULLAH MUHAMMED held before JUDGE WILLIAM L. OSTEEN in Gso. Mary Jo Beck, Court Reporter. deft. detained. (R. Winchester) (Entered: 05/21/2002) |
| 05/21/2002 | | (Court only) **Location LC as to ABDULLAH MUHAMMED (R. Winchester) (Entered: 05/21/2002) |
| 05/29/2002 | 30 | SUPERSEDING INDICTMENT as to WILLIAM PETERSON (2) count(s) 1s, 2s, 3s, 4s, 5s (N. Dickerson) (Entered: 05/29/2002) |
| 06/03/2002 | | Arraignment as to WILLIAM PETERSON held before CHIEF JUDGE N. C. TILLEY JR. in WS-1. Allen, Rptr. Deft. entered plea of Not Guilty to superseding indictment. Locke Clifford appeared for Robert O'Hale on deft's behalf. (S. Blumke) (Entered: 06/03/2002) |
| 06/03/2002 | 31 | SCHEDULING ORDER dated 5/16/02 and dist. as to WILLIAM PETERSON setting Motion Filing Deadline on 6/12/02 Motion Response Deadline on 6/19/02 at 9:30 a.m. in WS Plea Agreement Deadline on 6/27/02 at 12:00 noon Jury Trial on 7/8/02 at 9:30 a.m. in WS signed by Clerk (S. Blumke) (Entered: 06/03/2002) |
| 07/03/2002 | 32 | FACTUAL BASIS filed by USA as to WILLIAM PETERSON (fe) (Entered: 07/03/2002) |
| 07/08/2002 | 33 | Plea Agreement as to WILLIAM PETERSON (R. Winchester) (Entered: 07/08/2002) |
| 07/08/2002 | | Plea Agreement Hearing as to WILLIAM PETERSON held before JUDGE WILLIAM L. OSTEEN in WS, Mary Jo Beck, Court Reporter. (R. Winchester) (Entered: 07/08/2002) |

CM/ECF - ncmd - Docket Report

| 07/08/2002 | | PLEA entered by WILLIAM PETERSON . Court accepts plea. Guilty: WILLIAM PETERSON (2) count(s) 4s (R. Winchester) (Entered: 07/08/2002) |
|---|---|---|
| 07/08/2002 | | Factual Basis HEARING as to WILLIAM PETERSON held before JUDGE WILLIAM L. OSTEEN in WS, Mary Jo Beck, Court Reporter. Written Factual Basis filed. (R. Winchester) (Entered: 07/08/2002) |
| 07/08/2002 | | Sentencing set for 9:30 10/3/02 for WILLIAM PETERSON in COURTROOM #1 (GSO) before JUDGE WILLIAM L. OSTEEN , WILLIAM PETERSON (2) count(s) 4s (R. Winchester) (Entered: 07/08/2002) |
| 07/08/2002 | | Defendant WILLIAM PETERSON assigned to JUDGE WILLIAM L. OSTEEN (R. Winchester) (Entered: 07/11/2002) |
| 09/13/2002 | 34 | USPO Letter to attorney Robert O'Hale re: PSR as to WILLIAM PETERSON (fe) (Entered: 09/13/2002) |
| 09/18/2002 | 35 | ORDER as to WILLIAM PETERSON, Continuing Sentencing upon request of the Supervising US Probation Officer , Reset Sentencing for 2:00 pm on 10/29/02 in COURTROOM #1 (GSO) signed by JUDGE WILLIAM L. OSTEEN. Ccs. dist. (K. Garrett) (Entered: 09/18/2002) |
| 10/02/2002 | 36 | MEMORANDUM OF LAW REGARDING POSITION of USA re: Sentencing Factors as to WILLIAM PETERSON (Sealed) (K. Garrett) (Entered: 10/03/2002) |
| 10/29/2002 | | DISMISSAL of Count(s) on Court or Defendant Motion as to WILLIAM PETERSON Counts Dismissed: WILLIAM PETERSON (2) count(s) 1s, 1, 2s, 2, 3s, 3, 4, 5s, 5 (R. Winchester) (Entered: 10/29/2002) |
| 10/29/2002 | | Sentencing held before JUDGE WILLIAM L. OSTEEN WILLIAM PETERSON (2) count(s) 4s in Gso. Mary Jo Beck, Court Reporter. (R. Winchester) (Entered: 10/29/2002) |
| 11/14/2002 | 37 | TRANSCRIPT OF CHANGE OF PLEA HEARING held before JUDGE WILLIAM L. OSTEEN in W-S filed in case as to WILLIAM PETERSON for dates of 07/08/02. Court reporter Mary Jo Beck. (K. Garrett) (Entered: 11/14/2002) |
| 11/21/2002 | 38 | JUDGMENT as to WILLIAM PETERSON (2) count(s) 4s. Forty (40) mos. imprisonment; three (3) yrs. supervised |

| | | |
|---|---|---|
| | | release; $100.00 special assessment; restitution $124,709.00 (Signed by JUDGE WILLIAM L. OSTEEN) Terminated defendant WILLIAM PETERSON. Ccs. dist. (K. Garrett) (Entered: 11/21/2002) |
| 11/21/2002 | | (Court only) **Termination of defendant, pending deadlines and motions as to party WILLIAM PETERSON (K. Garrett) (Entered: 11/21/2002) |
| 11/21/2002 | | (Court only) **Case closed as to CECIL TONY STREETER, WILLIAM PETERSON (all defendants) and party USA (K. Garrett) (Entered: 11/21/2002) |
| 12/13/2002 | 39 | AMENDED JUDGMENT (Correction of Sentence for Clerical Mistake F.R.Cr.P. 36) as to WILLIAM PETERSON (2) count (s) 4s: Forty (40) mos. imprisonment, three (3) yrs. supervised release, $100 special assessment, $124,709.00 restitution to payees as set out (Signed by JUDGE WILLIAM L. OSTEEN). Ccs. dist. (fe) (Entered: 12/13/2002) |
| 02/19/2003 | 40 | Judgment Returned Executed as to WILLIAM PETERSON on 02/07/03; Incarcerated in: FCI Loretto, PA. (K. Garrett) (Entered: 02/19/2003) |
| 03/24/2003 | 41 | CJA 20 as to WILLIAM PETERSON: Authorization to Pay Robert O'Hale Amount: $2680.30, Voucher #030124000091 (Signed by MAG/JUDGE RUSSELL A. ELIASON). Ccs. dist. (fe) (Entered: 03/24/2003) |
| 04/03/2003 | 42 | PRO SE MOTION by WILLIAM PETERSON to Amend In a Criminal Case to reflect his true name as MARUBIAN JALAADIN AFFINII (K. Garrett) (Entered: 04/04/2003) |
| 05/29/2003 | | Motion submission as to WILLIAM PETERSON [42-1] motion to Amend In a Criminal Case to reflect his true name as MARUBIAN JALAADIN AFFINII submitted as to WILLIAM PETERSON (2) to Judge Osteen (R. Winchester) (Entered: 05/29/2003) |
| 06/03/2003 | 43 | ORDER denying [42-1] motion to Amend In a Criminal Case to reflect his true name as MARUBIAN JALAADIN AFFINII as to WILLIAM PETERSON (2) signed by JUDGE WILLIAM L. OSTEEN. Ccs. dist. (K. Garrett) (Entered: 06/03/2003) |
| 06/03/2003 | | (Court only) **Added party Marubian Jalaadin Affinii as the true name of defendant WILLIAM PETERSON (K. Garrett) |

| | | (Entered: 06/03/2003) |
|---|---|---|
| 09/19/2003 | 44 | PRO SE SECOND MOTION by WILLIAM PETERSON to Amend Criminal Case to reflect his true name as being Marubian Jalaadin Affinii (K. Garrett) (Entered: 09/22/2003) |
| 10/27/2003 | | Motion submission as to WILLIAM PETERSON [44-1] motion to Amend Criminal Case to reflect his true name as being Marubian Jalaadin Affinii submitted as to WILLIAM PETERSON (2) to Judge Osteen (R. Winchester) (Entered: 10/27/2003) |
| 11/06/2003 | 45 | ORDER denying [44-1] motion to Amend Criminal Case to reflect his true name as being Marubian Jalaadin Affinii as to WILLIAM PETERSON (2), signed by WILLIAM L. OSTEEN. Ccs. dist. (fe) (Entered: 11/06/2003) |
| 11/19/2004 | 46 | APPLICATION FOR WRIT of Garnishment by USA for Stone Truck Parts as to CECIL TONY STREETER (K. Garrett) (Entered: 11/23/2004) |
| 12/10/2004 | 47 | WRIT of Continuing Garnishment Issued for STONE TRUCK PARTS as to CECIL TONY STREETER (K. Garrett) (Entered: 12/14/2004) |

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



UNITED STATES OF AMERICA  :
         :
    V.     :
         :
CECIL TONY STREETER  :  1:00CR *109* -1
ABDULLAH MUHAMMED,  :  1:00CR *109* -2
further identified   :
as pictured below   :

            06 - PT - 343 - TFH



The Grand Jury charges:

### COUNT ONE

Beginning on or about April 5, 1998, and continuing to on or about November 24, 1998, the exact dates unknown to the grand jurors, in the County of Alamance, in the Middle District of North Carolina and elsewhere, CECIL TONY STREETER, ABDULLAH MUHAMMED, and divers other persons known and unknown to the grand jurors, did knowingly, willfully, and unlawfully conspire, confederate, and agree to commit offenses against the United States, that is:

to unlawfully transport in interstate commerce, stolen motor vehicles, knowing the same to be stolen; in violation of Title 18, United States Code, Section 2312;

## METHOD AND MEANS

1.    It was a part of the conspiracy that the co-conspirators would travel to various cities throughout the southeastern United States to locate late-model used cars for sale.

2.    It was a further part of the conspiracy that the co-conspirators would obtain false identification documents, such as driver's licenses in alias names.

3.    It was a further part of the conspiracy that the co-conspirators would use counterfeit cashier's checks purportedly drawn on organizations to purchase motor vehicles.

4.    It was a further part of the conspiracy that the co-conspirators would transport motor vehicles obtained with counterfeited cashier's checks in interstate commerce.

5.    It was a further part of the conspiracy that the co-conspirators would transport motor vehicle titles obtained with counterfeited cashier's checks in interstate commerce.

6.    It was a further part of the conspiracy that the co-conspirators would retitle motor vehicles obtained with counterfeited cashier's checks.

7.    It was a further part of the conspiracy that the co-conspirators would sell motor vehicles obtained with counterfeited cashier's checks.

2

## OVERT ACTS

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, CECIL TONY STREETER and ABDULLAH MUHAMMED committed numerous overt acts in the Middle District of North Carolina and elsewhere, including but not limited to the following:

1.   On or about October 26, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED traveled to Burlington, North Carolina.

2.   On or about October 26, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED possessed and uttered a counterfeited cashier's check, number 643-8329, in the amount of $24,500, purportedly drawn on First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina, to Carlos Bryan Pennington and Ellen Pennington in Burlington, North Carolina, in exchange for a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548.

3.   On or about October 27, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED transported or caused to be transported in interstate commerce, that is from Burlington, North Carolina, to Rock Hill, South Carolina, a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548, knowing that said vehicle and title were stolen.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO

At all times material hereto, First National Bank Southeast operated in and engaged in activities which affected interstate or foreign commerce.

Beginning on or about April 5, 1998 and continuing to on or about November 24, 1998, the exact dates unknown to the grand jurors, in the County of Alamance, in the Middle District of North Carolina and elsewhere, CECIL TONY STREETER, ABDULLAH MUHAMMED, and divers other persons known and unknown to the grand jury, did knowingly, willfully, and unlawfully conspire, confederate, and agree to commit offenses against the United States, that is:

to knowingly utter and possess counterfeited securities of organizations operating in and affecting interstate commerce with intent to deceive another person and organization in violation of Title 18, United States Code, Section 513(a);

### METHOD AND MEANS

1.    It was a part of the conspiracy that the co-conspirators would travel to various cities throughout the southeastern United States to locate late-model used cars for sale.

2.    It was a further part of the conspiracy that the co-conspirators would obtain false identification documents, such as driver's licenses in alias names.

3.    It was a further part of the conspiracy that the co-conspirators would use counterfeit cashier's checks purportedly drawn on organizations to purchase motor vehicles.

4

4. It was a further part of the conspiracy that the co-conspirators would transport motor vehicles obtained with counterfeited cashier's checks in interstate commerce.

5. It was a further part of the conspiracy that the co-conspirators would transport motor vehicle titles obtained with counterfeited cashier's checks in interstate commerce.

6. It was a further part of the conspiracy that the co-conspirators would retitle motor vehicles obtained with counterfeited cashier's checks.

7. It was a further part of the conspiracy that the co-conspirators would sell motor vehicles obtained with counterfeited cashier's checks.

<u>OVERT ACTS</u>

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, CECIL TONY STREETER and ABDULLAH MUHAMMED committed numerous overt acts in the Middle District of North Carolina and elsewhere, including but not limited to the following:

1. On or about October 26, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED traveled to Burlington, North Carolina.

2. On or about October 26, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED possessed and uttered a counterfeited cashier's check, number 643-8329, in the amount of $24,500, purportedly drawn on First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina, to Carlos Bryan Pennington and Ellen Pennington in Burlington, North Carolina, in exchange for a 1996 Cadillac

5

Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548.

3.    On or about October 27, 1998, CECIL TONY STREETER and ABDULLAH MUHAMMED transported or caused to be transported in interstate commerce, that is from Burlington, North Carolina, to Rock Hill, South Carolina, a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548, knowing said vehicle and title were stolen.

All in violation of Title 18, United States Code, Section 371.

### COUNT THREE

On or about October 26, 1998, in the County of Alamance, in the Middle District of North Carolina and elsewhere, CECIL TONY STREETER and ABDULLAH MUHAMMED knowingly did utter and possess a counterfeited security of an organization, that is a cashiers check of First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina 27407, check number 6438329, in the amount of $24,500.00, with the intent to deceive an organization or an individual; in violation of Title 18, United States Code, Sections 513(a) and 2.

### COUNT FOUR

On or about October 27, 1998, in the County of Alamance, in the Middle District of North Carolina and elsewhere, CECIL TONY STREETER and ABDULLAH MUHAMMED unlawfully did transport in interstate commerce, that is from Burlington, North Carolina, to Rock Hill, South Carolina, a motor vehicle, that is, a 1996

6

Cadillac Seville, vehicle identification number (VIN) 1G6KS52Y3TU816588, knowing the same to be stolen; in violation of Title 18, United States Code, Sections 2312 and 2.

### COUNT FIVE

On or about October 27, 1998, in the County of Alamance, in the Middle District of North Carolina and elsewhere, CECIL TONY STREETER and ABDULLAH MUHAMMED did unlawfully transport in interstate commerce, that is from Burlington, North Carolina, to Rock Hill, South Carolina, a security of a value of $5000.00 or more that was stolen or taken by fraud, that is, a North Carolina Certificate of Title, number 1629144548, knowing the same to have been stolen or taken by fraud; in violation of Title 18, United States Code, Sections 2314 and 2.

A TRUE BILL:

FOREPERSON

L. PATRICK AULD
ASSISTANT UNITED STATES ATTORNEY

for WALTER C. HOLTON, JR.
UNITED STATES ATTORNEY

7



IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA      :
     :
        v.            :      1:00CR109-2
     :      SUPERSEDING
WILLIAM PETERSON,          :
also known as Abdullah Jihad    :      *06-PT-343-TFH*
Muhammed and Andrew R. Watkins   :

The Grand Jury charges:

### COUNT ONE

Beginning on or about April 5, 1998, and continuing to on or about December 21, 1998, the exact dates unknown to the Grand Jurors, in the County of Alamance, in the Middle District of North Carolina, and elsewhere, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, and divers other persons known and unknown to the Grand Jurors, did knowingly, willfully, and unlawfully conspire, confederate, and agree to commit offense against the United States, that is:

To unlawfully transport in interstate commerce, stolen motor vehicles, knowing the same to be stolen; in violation of Title 18, United States Code, Section 2312.

### METHOD AND MEANS

1.    It was a part of the conspiracy that the co-conspirators would travel to various cities throughout the southeastern United States to locate late-model used cars for sale.

2.    It was a further part of the conspiracy that the co-conspirators would obtain false identification documents, such as driver's licenses in alias names.

3.    It was a further part of the conspiracy that the co-conspirators would use counterfeit cashier's checks purportedly drawn on organizations to purchase motor vehicles.

4.    It was a further part of the conspiracy that the co-conspirators would transport motor vehicles obtained with counterfeited cashier's checks in interstate commerce.

5.    It was a further part of the conspiracy that the co-conspirators would transport motor vehicle titles obtained with counterfeited cashier's checks in interstate commerce.

6.    It was a further part of the conspiracy that the co-conspirators would retitle motor vehicles obtained with counterfeited cashier's checks.

7.    It was a further part of the conspiracy that the co-conspirators would sell motor vehicles obtained with counterfeited cashier's checks.

<u>OVERT ACTS</u>

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, and divers other persons known and unknown to the Grand Jurors, committed numerous

2

overt acts in the Middle District of North Carolina and elsewhere, including but not limited to the following:

1. On or about October 26, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, traveled to Burlington, North Carolina.

2. On or about October 26, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, possessed and uttered a counterfeited cashier's check, number 643-8329, in the amount of $24,500, purportedly drawn on First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina, to Carlos Bryan Pennington and Ellen Pennington in Burlington, North Carolina, in exchange for a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548.

3. On or about October 27, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, transported or caused to be transported in interstate commerce, that is, from Burlington, North Carolina, to Rock Hill, South Carolina, a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548, knowing that said vehicle and title were stolen.

All in violation of Title 18, United States Code, Section 371.

3

## COUNT TWO

At all times material hereto, First National Bank Southeast operated in and engaged in activities which affected interstate or foreign commerce.

Beginning on or about April 5, 1998, and continuing to on or about December 21, 1998, the exact dates unknown to the Grand Jurors, in the County of Alamance, in the Middle District of North Carolina, and elsewhere, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, and divers other persons known and unknown to the Grand Jury, did knowingly, willfully, and unlawfully conspire, confederate, and agree to commit offenses against the United States, that is:

To knowingly utter and possess counterfeited securities of organizations operating in and affecting interstate commerce with intent to deceive another person and organization in violation of Title 18, United States Code, Section 513(a).

### METHOD AND MEANS

1. It was a part of the conspiracy that the co-conspirators would travel to various cities throughout the southeastern United States to locate late-model used cars for sale.

2. It was a further part of the conspiracy that the co-conspirators would obtain false identification documents, such as driver's licenses in alias names.

4

3. It was a further part of the conspiracy that the co-conspirators would use counterfeit cashier's checks purportedly drawn on organizations to purchase motor vehicles.

4. It was a further part of the conspiracy that the co-conspirators would transport motor vehicles obtained with counterfeited cashier's checks in interstate commerce.

5. It was a further part of the conspiracy that the co-conspirators would transport motor vehicle titles obtained with counterfeited cashier's checks in interstate commerce.

6. It was a further part of the conspiracy that the co-conspirators would retitle motor vehicles obtained with counterfeited cashier's checks.

7. It was a further part of the conspiracy that the co-conspirators would sell motor vehicles obtained with counterfeited cashier's checks.

<u>OVERT ACTS</u>

In furtherance of the aforesaid conspiracy and to effect the objects and purposes thereof, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, and divers other persons known and unknown to the Grand Jurors committed numerous overt acts in the Middle District of North Carolina, and elsewhere, including but not limited to the following:

1.  On or about October 26, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, traveled to Burlington, North Carolina.

2.  On or about October 26, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, possessed and uttered a counterfeited cashier's check, number 643-8329, in the amount of $24,500, purportedly drawn on First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina, to Carlos Bryan Pennington and Ellen Pennington in Burlington, North Carolina, in exchange for a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, and North Carolina Certificate of Title, number 1629144548.

3.  On or about October 27, 1998, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, transported and caused to be transported in interstate commerce, that is, from Burlington, North Carolina, to Rock Hill, South Carolina, a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS2Y3TU816588, and North Carolina Certificate of Title, number 1629144548, knowing said vehicle and title were stolen.

All in violation of Title 18, United States Code, Section 371.

COUNT THREE

On or about October 26, 1998, in the County of Alamance, in the Middle District of North Carolina, and elsewhere, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R.

6

Watkins, knowingly did utter and possess a counterfeited security of an organization, that is, a cashiers check of First National Bank Southeast, 2132 New Garden Road, Greensboro, North Carolina 27407, check number 6438329, in the amount of $24,500, with the intent to deceive an organization or an individual; in violation of Title 18, United States Code, Sections 513(a) and 2.

## COUNT FOUR

On or about October 27, 1998, in the County of Alamance, in the Middle District of North Carolina, and elsewhere, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, did unlawfully transport in interstate commerce, that is, from Burlington, North Carolina, to Rock Hill, South Carolina, a motor vehicle, that is, a 1996 Cadillac Seville, Vehicle Identification Number (VIN) 1G6KS52Y3TU816588, knowing the same to be stolen; in violation of Title 18, United States Code, Sections 2312 and 2.

## COUNT FIVE

On or about October 27, 1998, in the County of Alamance, in the Middle District of North Carolina, and elsewhere, WILLIAM PETERSON, also known as Abdullah Jihad Muhammed and Andrew R. Watkins, did unlawfully transport in interstate commerce, that is, from Burlington, North Carolina, to Rock Hill, South Carolina, a security of a value of $5,000 or more that was stolen and taken by fraud, that is, a North Carolina Certificate of Title, number

7

1629144548, knowing the same to have been stolen and taken by

fraud; in violation of Title 18, United States Code, Sections 2314

and 2.

A TRUE BILL:

_____
FOREPERSON

_____
L. PATRICK AULD
ASSISTANT UNITED STATES ATTORNEY

_____
ANNA MILLS WAGONER
UNITED STATES ATTORNEY

8

ENTERED ON DOCKET
R. 55

NOV 21 2002

# United States District Court
## Middle District of North Carolina

BY UNITED STATES OF AMERICA

v.

WILLIAM PETERSON
True Name: Marubian Jalaadin Affinii

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

FILED NOV 21 2002
Clerk U.S. Dist. Court
Greensboro, N. C.

Case Number:   1:00CR109-2

Defendant's Attorney:   Robert O'Hale

O6 - PT- 343-TFH

## THE DEFENDANT:

☒   pleaded guilty to count 4s

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) _____ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2312 & 2 | Transported Stolen Motor Vehicle in Interstate Commerce | 10/27/1998 | 4s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has been found not guilty on count(s)

☒   Counts 1, 2, 3, 4, and 5 of the original indictment filed March 28, 2000 and Counts 1s, 2s, 3s, and 5s of the superseding indictment filed May 29, 2002 are dismissed upon the motion of the defendant without objection of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's SSN:   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
Defendant's DOB:   11/20/1961
Defendant's USM #:   19151-083
Defendant's Residence Address:

1407 Oren Street, NE
Washington, DC 20013

Defendant's Mailing Address:
(if different from residence address)

October 29, 2002

Date of Imposition of Judgment

Signature of Judicial Officer

William L. Osteen, United States District Judge
Name & Title of Judicial Officer

Date   November 21, 2002

AO 245B (NCMD Rev. 3/01) Sheet 2 - Imprisonment

DEFENDANT:                    WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:                  1:00CR109-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **Forty (40) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

                                               _____
                                             UNITED STATES MARSHAL

                                BY    _____
                                               DEPUTY US MARSHAL

DEFENDANT:        WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:     1:00CR109-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated).

# STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:        1:00CR109-2

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer. ⟶ *Not on minute sheet*

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall perform 50 hours of community service work during the term of supervision at a rate of not less than 16 hours per month or as directed by the probation officer. All community service work shall be completed at least 120 days prior to the expiration of the term of supervision. The defendant shall pay any community service fee required, as directed by the probation officer.

DEFENDANT:    WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:    1:00CR109-2

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **Totals** | $ 100.00 | $ | $ 124,709.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| **State Farm Insurance** | $ 66,719.00 | $ 66,719.00 | |
| **Southtrust Bank** | $ 25,000.00 | $ 25,000.00 | |
| **David J. Amante** | $ 9,040.00 | $ 9,040.00 | |
| **Nationwide Insurance Company** | $ 12,550.00 | $ 12,500.00 | |
| **Carolyn Lasster** | $ 11,400.00 | $ 11,400.00 | |
| **Totals:** | $ 124,709.00 | $ 124,709.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement:    $ .

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the  ☐ fine and/or  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows: .

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

DEFENDANT:          WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:       1:00CR109-2

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☒   Lump sum payment of $ 100.00 due immediately

☐  not later than _____ , or

☒  in accordance with ☐ C,  ☒ D or,  ☒ E below; or

B ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C ☐   Payment in _____ (equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g.,
       months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☒   Payment in monthly installments of $ 300.00, to commence 60 days after release from imprisonment to a term of supervision and
       every 30 days thereafter until paid in full.

E ☒   Special instructions regarding the payment of criminal monetary penalties:
       The special assessment in the amount of $ 100.00 is due and payable immediately at such times and in such amounts as directed by
       the Federal Bureau of Prisons through the Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment
of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments
made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District
Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC  27402, unless otherwise directed by the court, the probation
officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

    Cecil Tony Streeter, 1:00CR109-1, $124,709.00

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order:  (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution,
(6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

10/25/06  13:13 FAX 3363326060      USDC NCMD CLK                                    031
Case 1:06-pt-00343-TFH   Document 1-2   Filed 10/25/2006   Page 30 of 35
AO 245B (NC-MD Rev. 3/01) Sheet 1 Judgment in a Criminal Case

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

**WILLIAM PETERSON**
True Name: Marubian Jalaadin Affinii

**AMENDED JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number:          1:00CR109-2

Defendant's Attorney:    Robert O'Hale

**Date of Original Judgment:**   ***October 29, 2002***   06-PT-343-TFH

**Reason for Amendment:**   ***Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36))***

FILED
DEC 13 2002
IN THIS OFFICE
Clerk U. S. District Court
Greensboro, N. C.
By

**THE DEFENDANT:**

☒  pleaded guilty to count  4s

☐  pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐  was found guilty on count(s) _____ after a plea of not guilty.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2312 & 2 | Transported Stolen Motor Vehicle in Interstate Commerce | 10/27/1998 | 4s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984. .

☐  The defendant has been found not guilty on count(s)

☒  Counts 1, 2, 3, 4, and 5 of the original indictment filed March 28, 2000 and Counts 1s, 2s, 3s, and 5s of the superseding indictment filed May 29, 2002 are dismissed upon the motion of the defendant without objection of the  United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Defendant's SSN:      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
Defendant's DOB:      11/20/1961
Defendant's USM #:      19151-083
Defendant's Residence Address:

1407 Oren Street, NE
Washington, DC 20013

Defendant's Mailing Address:
(if different from residence address)

***December 12, 2002***

Date of Imposition of Judgment

_William S. Osteen_
Signature of Judicial Officer

William L. Osteen, United States District Judge
Name & Title of Judicial Officer

December 13, 2002
Date

DEFENDANT:            WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:          1:00CR109-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of
**Forty (40) months.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

    Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

                                    _____
                                          UNITED STATES MARSHAL

                              BY     _____
                                          DEPUTY US MARSHAL

AO 245B (NCMD Rev. 3/01) Sheet 3 - Supervised Release

Page 3 of 6

DEFENDANT:    WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:   1:00CR109-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated).

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 3/01) Sheet 3a - Supervised Release, Special Conditions

DEFENDANT:      WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:    1:00CR109-2

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing or inpatient/residential treatment, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall perform 50 hours of community service work during the term of supervision at a rate of not less than 16 hours per month or as directed by the probation officer. All community service work shall be completed at least 120 days prior to the expiration of the term of supervision. The defendant shall pay any community service fee required, as directed by the probation officer.

AO 245B (NCMD Rev. 3/01) Sheet 5, Part A - Criminal Monetary Pena

Page 5 of 6

DEFENDANT:       WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:     1:00CR109-2

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals | $        100.00 | $ | $        124,709.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

☒ The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | **Total Amount of Loss | Amount of Restitution Ordered | Priority Order or % of Payment |
|---|---|---|---|
| State Farm Insurance | $ 66,719.00 | $ 66,719.00 | |
| Southtrust Bank | $ 25,000.00 | $ 25,000.00 | |
| David J. Amante | $  9,040.00 | $  9,040.00 | |
| Nationwide Insurance Company | $ 12,550.00 | *** $ 12,550.00 | |
| Carolyn Lasster | $ 11,400.00 | $ 11,400.00 | |
| Totals: | $ 124,709.00 | $ 124,709.00 | |

☐ If applicable, restitution amount ordered pursuant to plea agreement:          $

☐ The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3812(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine and/or ☐ restitution.

☐ the interest requirement for the    ☐ fine and/or ☐ restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 24, 1996.

AO 245B (NCMD Rev. 3/01) Sheet 5, Part B - Schedule of Payments

Page 6 of 6

DEFENDANT:        WILLIAM PETERSON True Name: Marubian Jalaadin Affinii
CASE NUMBER:      1:00CR109-2

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☒  Lump sum payment of $ 100.00 due immediately

    ☐  not later than _____ , or
    ☒  in accordance with ☐ C,  ☒ D or, ☒ E below; or

B  ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ E below); or

C  ☐  Payment in _____ (equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☒  Payment in monthly installments of $ 300.00, to commence 60 days after release from imprisonment to a term of supervision and
    every 30 days thereafter until paid in full.

E  ☒  Special instructions regarding the payment of criminal monetary penalties:
    The special assessment in the amount of $100.00 is due and payable immediately at such times and in such amounts as directed by
    the Federal Bureau of Prisons through the Inmate Financial Responsibility Program.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment
of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments
made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District
Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC  27402, unless otherwise directed by the court, the probation
officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒  Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

    Cecil Tony Streeter, 1:00CR109-1, $124,709.00

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) community restitution,
(6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Clerk, U.S. District Court
for the District of Columbia
333 Constitution Avenue, N.W.
Room 1225
Washington, D.C.  20001

October 25, 2006

Clerk, U.S. District Court
for the Middle District of N.C.
L. Richardson Preyer Federal Building
Suite 1
324 West Market Street
Greensboro, North Carolina 27401-2513

Attention: Carol Hayes

In re: U.S.A. vs William Peterson
Your Case Number: 1:00CR109-2
Our Case Number: 06-PT-343-TFH

Dear Ms. Hayes,

Please find enclosed duplicate original of Transfer of Jurisdiction signed by Chief Judge Thomas F. Hogan, accepting the supervision of William Peterson's supervised release.

I want to thank you for faxing copies of the indictment, amended judgment and commitment order, and docket sheet to our office.

Kindly forward certified copies of the indictment, amended judgment and commitment order, and docket sheet to our office.

Thank you for your attention to this matter.

Very truly yours,

NANCY MAYER-WHITTINGTON, CLERK

By: _____
Deputy Clerk (202) 354-3173

Enclosure